IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02857-GPG

GARRY DON SCOTT, JR.,

    Petitioner,

v.

UNITED STATES GOVERNMENT, and
THE STATE OF OKLAHOMA,

    Respondents.

## ORDER DISMISSING CASE

    Petitioner, Garry Don Scott, Jr., is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. On December 30, 2015, Mr. Scott submitted to the Court for filing a *pro se* "Petition for Records and Assistance for Relief of Treaty Violations" (ECF No. 1) asking the Court, in part, to vacate the sentence he is serving. Based on the request to vacate his sentence, the instant habeas corpus action was commenced and, on January 5, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Scott to cure certain deficiencies within thirty days if he wishes to pursue any habeas corpus claims. Mr. Scott specifically was ordered to file on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the $5.00 filing fee for a habeas corpus action or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. Scott was warned that the action would be

1

dismissed if he failed to cure all of the deficiencies within the time allowed.

On January 20, 2016, Mr. Scott filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4) along with a certified copy of his inmate trust fund account statement. On February 9, 2016, Magistrate Judge Gallagher entered a minute order advising Mr. Scott that he had not cured all of the deficiencies because he had not filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Magistrate Judge Gallagher directed Mr. Scott to cure this remaining deficiency by March 4, 2016, and reminded him that the action would be dismissed without further notice if he failed to cure the remaining deficiency within the time allowed.

On February 22, 2016, Mr. Scott filed a letter (ECF No. 6) seeking clarification. On February 23, 2016, Magistrate Judge Gallagher entered a minute order granting the request for clarification. Magistrate Judge Gallagher explained that this habeas corpus action had been commenced because Mr. Scott requested to have his sentence vacated in his original pleading. Magistrate Judge Gallagher also advised Mr. Scott that, if he does not intend to pursue any habeas corpus claims in this action, he should advise the Court of that fact and the action would be dismissed. Alternatively, Magistrate Judge Gallagher directed Mr. Scott to file an application for a writ of habeas corpus on the proper form if he does intend to pursue any habeas corpus claims in this action. Mr. Scott again was reminded that the action would be dismissed without further notice if he failed to cure the remaining deficiency within the time allowed.

Mr. Scott has not cured the remaining deficiency as directed. Instead, on March

3, 2016, he filed a "Motion to With-Draw § 2241 and Request to Repetition for Records and <u>Assistance</u> for Relief of Treaty Violations" (ECF No. 8).   Mr. Scott asserts in the motion to withdraw that he already has challenged his sentence based on alleged treaty violations in a habeas corpus application that was denied, *see Scott v. Warden*, No. 15-cv-02603-LTB (D. Colo. Feb. 8, 2016), and it would be a waste of resources to file another habeas corpus action without counsel.   He also asserts in the motion to withdraw that his intention in submitting his original pleading to the Court was to give the United States Government notice and an opportunity to cure a treaty violation before he continues with a class action and that he currently is waiting for a state court ruling and a response from the United States Department of Justice before deciding what further action he should take.   The Court construes the motion to withdraw as a notice of voluntary dismissal because it is apparent that Mr. Scott does not intend to pursue any habeas corpus claims in the instant action.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Scott "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."   No response has been filed by any opposing party in this action.   A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.   *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).   The notice closes the file.   *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the "Motion to With-Draw § 2241 and Request to Repetition for Records and Assistance for Relief of Treaty Violations" (ECF No. 8), which the Court construes as a notice of voluntary dismissal, is granted and the action is dismissed without prejudice.   It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4) is denied as moot.

DATED at Denver, Colorado, this   7th   day of    March   , 2016.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court